# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 SEP 23 PM 3:57
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| JAY DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| PORTFOLIO RECOVERY ASSOCIATES, LLC. | ) |
| Defendant. | ) |

**1:09-cv-1186 RLY-TAB**

## COMPLAINT

COMES NOW the Plaintiff, JAY DAVIS ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, alleges and affirmatively states as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

1

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Indiana, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Kokomo, Howard County, State of Indiana and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Norfolk, Virginia.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt with account #5424-1806-6910-7077.

12. Defendant constantly and continuously places collection calls to Plaintiff and fails to properly identify itself to Plaintiff.

13. Defendant constantly and continuously places collection calls to Plaintiff from the number (757) 961-3544, (757) 961-3546, (877) 803-0008 and (800) 772-1413 seeking and demanding payment for an alleged consumer debt.

14. Defendant leaves messages for Plaintiff at his place of employment seeking and demanding payment for an alleged consumer debt. Plaintiff has advised Defendant that he cannot receive calls at his place of employment, yet the calls persist.

15. Defendant left a message requesting Plaintiff call (866) 909-0529 in an attempt to collect an alleged consumer debt.

16. Defendant failed to state in the initial communication that the communication was from a debt collector and any information received would be used for that purpose. Defendant failed to state in subsequent communications that the collection call was from a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

18. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

   a). Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient.

   b), Defendant violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at his place of employment despite having knowledge that Plaintiff cannot accept such calls.

   c). Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

   d). Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to

3

annoy, abuse, and harass Plaintiff.

e). Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

f). Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

g). Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

h). Defendant violated *§1692e(11)* of the FDCPA by communicating with Plaintiff and failing to properly identify itself.

i). Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect a debt.

19. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation and fear.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

21. Actual damages.

22. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Harry Bradley
Attorney for Plaintiff

4

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAY DAVIS, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA

Plaintiff, JAY DAVIS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAY DAVIS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8/26/09                    *Jay R. Davis*
                                 JAY DAVIS